**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02592-NYW

WILLIAM J. LAURIENTI,
PATRICIA A. LAURIENTI,

      Plaintiffs,

v.

REGGIE BICHA,
KATHY NESBITT,
PAULETTE ST. JAMES,
SANDRA ANDERSON,

      Defendants.

---

ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiffs' Second Motion for Leave to Amend Complaint and Add a Party ("Second Motion to Amend") [#47], filed on March 11, 2015. This Second Motion to Amend is before me on the Parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [#38]. This court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised as to the issues presented. For the following reasons, Plaintiffs' Second Motion to Amend is GRANTED.

**PROCEDURAL HISTORY**

Plaintiffs William J. Laurienti and Patricia A. Laurienti (collectively, "Plaintiffs" or "the Laurentis") commenced this action on April 7, 2014 by filing a civil complaint in the Northern

District of Georgia seeking damages pursuant to 42 U.S.C. § 1983. Following the transfer to the District of Colorado, Plaintiffs filed an unopposed Motion to Amend their Complaint and the First Amended Complaint was entered on the docket on January 6, 2015.[1]  [#28, #34]. The Laurientis assert four claims for the violation of their procedural and substantive due process rights under the Fourth and Fourteenth Amendments and one claim for *respondeat superior* liability, arising from the unlawful garnishment of Mr. Laurienti's Social Security Income and the expropriation of tax refunds belonging to Mrs. Laurienti. [#34]. Plaintiffs seek declaratory and injunctive relief along with compensatory and punitive damages.

At a status conference held on January 7, 2015, the Parties consented to the jurisdiction of a United States magistrate judge and orally moved for a stay of discovery pending resolution of the Motions to Dismiss that Defendants intended to file. [#37, #38]. Defendants Reggie Bicha, Kathy Nesbitt, and Paulette James (the "State Defendants") filed a Motion to Dismiss on January 7, 2015 [#25], and Defendant Sandra Anderson filed a Motion to Dismiss on January 23, 2015. [#40]. The court granted a stay in this action pending the determination of Defendants' Motions to Dismiss on January 7, 2015 ("January 7 Order"). [#37]. This action was reassigned to the undersigned Magistrate Judge for pretrial matters on February 10, 2015. [#44].

Plaintiffs filed the pending Second Motion to Amend on March 11, 2015, following two extensions of time to respond to the Motions to Dismiss. The State Defendants and Defendant Anderson each filed Responses opposing the Motion to Amend on the basis of futility. [#49 and

---

[1] The First Amended Complaint omitted as defendants the Colorado Child Support Enforcement Division and the Mesa County Child Support Enforcement Unit and did not alter Plaintiffs' substantive claims. [*Compare* #3 *with* #28].

#48, respectively]. Pursuant to the court's January 7 Order, the court has not set a Scheduling Conference in this matter. [#37].

## STANDARD OF REVIEW

Because the court has not yet entered a Scheduling Order in this case, Federal Rule of Civil Procedure 15(a) governs the consideration of Plaintiffs' Second Motion to Amend. *See Fernandez v. Bridgestone/Firestone, Inc.,* 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). That Rule provides that a party may amend his pleading "only by leave of court or by written consent of the adverse party" after a responsive pleading has been served, and instructs that "leave shall be freely given when justice so requires." When considering whether to allow an amendment to a complaint, the court considers factors such as whether the amendment will result in undue prejudice to the defendant, whether the request was unduly and inexplicably delayed or offered in good faith, and whether the party had sufficient opportunity to state the claim but failed. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). Whether to grant a motion to amend is within the trial court's discretion. *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). A motion to amend may be denied when the proposed amendment is futile. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.*

Rule 20(a)(2) permits a defendant to be joined in an action if any right to relief is asserted against it "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there exists in the action any question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). Whether to

permit joinder lies at the discretion of the district court. *See State Distrib., Inc. v. Glenmore Distill. Co.,* 738 F.2d 405, 416–17 (10th Cir. 1984). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith...." *Id.* at 416.

## ANALYSIS

The proposed Second Amended Complaint ("proposed SAC") omits Patricia Laurienti as a plaintiff, seeks to add Defendant Anderson's employer, Mesa County, as a defendant, restates the First Claim as Defendant Anderson's unlawful search and seizure of Mr. Laurienti's Social Security Income in violation of his Fourth Amendment rights, restates the Second Claim as Defendant Anderson's unlawful garnishment in violation of Mr. Laurienti's due process rights, restates the Third Claim as a § 1983 *respondeat superior* claim as to the State Defendants, and restates the Fourth Claim as a § 1983 *respondeat superior* claim as to Mesa County. [#47].

The proposed SAC seeks to address the arguments raised in the two Motions to Dismiss by omitting Mrs. Laurienti as a plaintiff, adding Defendant Anderson's employer as a party, specifying the alleged constitutional violations, removing all state law claims, eliminating any claim for injunctive relief, and specifying allegations of wrongdoing as to the State Defendants. [*See* #47-1]. All Defendants agree the applicable Statute of Limitations would bar Plaintiffs' § 1983 claims that arose prior to April 7, 2012; however Plaintiff alleges constitutional violations occurred after this date. The court stayed discovery at the Parties' request; therefore no one has engaged in expensive discovery, related deadlines are not looming, and trial is not imminent. The proposed SAC contains the first substantive changes proposed by Plaintiffs in this court, and

they are offered for the purpose of narrowing the parties and issues. Indeed, Defendants do not argue the proposed SAC was filed with inexplicable delay or will cause them prejudice; they claim only that the amendments are an exercise in futility. I do not agree that the proposed SAC is futile on its face. Furthermore, Plaintiffs have not yet filed a Response to the Motions to Dismiss. The Federal Rules of Civil Procedure in general, and Rule 15 in particular, favors resolving disputes on their merits. *Gocolay v. New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (1992) (citations omitted). Accordingly, I find that leave to amend is appropriate in these circumstances.

I also find that joinder of Mesa County as a Defendant should be permitted. Mr. Laurienti claims that Mesa County was responsible for the training and supervision of Defendant Anderson, and that Defendant Anderson acted on its behalf when she pursued the allegedly unlawful garnishment of his Social Security Income. [#47-2 at ¶¶ 10, 22]. Plaintiff likewise claims the State Defendants' failure to properly train and supervise agency employees, such as Defendant Anderson, resulted in the allegedly unlawful collection efforts that constitute violations of his constitutional rights. [*Id.* at ¶ 64]. Defendants do not challenge the joinder other than through their general argument that amendment is futile.

In this case, dismissal is more appropriately determined by the court with motions to dismiss directed at the SAC. Despite the lack of entry of a Scheduling Order, Mr. Laurenti is advised that no further motions for leave to amend will be entertained (let alone granted) by the court unless he affirmatively establishes good cause why any proposed amendments could not have been brought in either the First or Second Amended Complaint. In addition to establishing

good cause for any further motions for leave to amend, Mr. Laurenti will also be required to fulfill the requirements of Rule 15 of the Federal Rules of Civil Procedure.

Accordingly,

IT IS ORDERED:

(1) The proposed Second Amended Complaint [#47-2] is accepted for filing;

(2) State Defendants' Motion to Dismiss [#35] and Defendant Anderson's Motion to Dismiss [#40] are DENIED AS MOOT;

(3) On or before **May 8, 2015**, Defendants shall answer or otherwise respond to the Second Amended Complaint or renew their pending Motions to Dismiss, directed at the allegations as set forth in the Second Amended Complaint;

(4) Plaintiff shall serve a summons and copy of the Second Amended Complaint on Mesa County and file proof of that service on or before **April 17, 2015;** and

(5) No further motions for leave to amend by Plaintiff will be entertained unless the good cause standard is satisfied.

DATED: April 10, 2015                    BY THE COURT:

                                         s/Nina Y. Wang_____
                                         United States Magistrate Judge